UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  24-20401-CR-BLOOM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

YOJANI MADRIGAL,

     Defendant

_____/

## **SENTENCING MEMORANDUM**

Yojani Madrigal, by and through undersigned counsel, respectfully files the following memorandum to assist the Court in fashioning a sentence that is sufficient but no greater than necessary to fulfill the aims of sentencing set forth in 18 U.S.C. § 3553(a).

Mr. Madrigal grew up in poverty in the Dominican Republic; he never met his father, and his mother, young and unable to care for him, gave him up to be raised by his grandparents shortly after his birth.

As an adult, despite only having a fourth-grade education, Mr. Madrigal has worked hard to support and care for his own family—his wife and children—as a fisherman. His oldest daughter, 22-year-old Yanoret, shared that her father is a man of principle, despite his missteps in this case; that he is a loving, protective, excellent father who has been present in the lives of his children—that he is dedicated not only to providing for them through his hard work as a fisherman, but also to caring for them and their emotional well-being.

1

Being away from his family has, of course, been extremely difficult for Mr. Madrigal and his entire family. Mr. Madrigal's wife, Iliana, echoed these sentiments and shared just how much she, and their two young children, miss him. Despite the distance and the pain of not being able to see one another, the support remains. Iliana is making sure that she and the children remember Mr. Madrigal's advice, stories, and laughter until they are able to see and hear it in person again.

Despite his status as a first-time offender and a low-level drug courier who has fully accepted responsibility for his actions, Mr. Madrigal's imprisonment will be qualitatively and quantitatively different—and more arduous. First, and perhaps most importantly, as noted above, he is far from his home and family; he will have no opportunity to see or visit with his wife or minor children—not to mention the impact that his absence has and will continue to have on them all. That alone will make his sentence more difficult—both for him and his loved ones. Additionally, Mr. Madrigal will be ineligible for many programs offered by the BOP—including those that create the potential for early release. And he will also be subject to removal and, along with it, immigration custody, extending the period that he is detained as a result of this offense. Taken together, these unintended consequences mean that Mr. Madrigal will serve a *de facto* longer sentence—and a more arduous one.

This Court and others in this district have imposed sentences below the guidelines in cases involving similar or more serious conduct, greater drug quantities, and in many cases higher sentencing guideline ranges. A sample of those cases are included here:

2

- *United States v. Ronald Mijali Arregoces Barros*, No. 21-20438-cr-BB: 70-month sentence in case involving 798 kilograms of cocaine.

- *United States v. Jesus Hernandez Osorio*, No. 22-cr-20592-BB: 75-month sentence in case involving 955 kilograms of cocaine and guideline range of 108–135 months.

- *United States v. Jhon Alvarado*-Valencia, No. 23-cr-20299-BB: 75-month sentence where defendant was accountable for over 1,200 kilos of cocaine and guideline range was 108–135 months.

- *United States v. Jhason Estupinan-Gutierrez*, No. 21-20379-cr-BB: 75-month sentence imposed in case involving 807 kilograms of cocaine.

- *United States v. Reinaldo Borbosa-Guevara & Carlos Guzman-Javier*, No. 22-cr-20282-BB: 75-month sentence for defendants responsible for 630 kilograms of cocaine.

- *United States v. Clayton Manhertz, et al.*, No. 24-cr-20088-DPG: in case involving 425 kilograms of cocaine, 76-month sentence imposed for second-time offender and 57-month sentence imposed for remainder of defendants.

- *United States v. Wilson Rodriguez-Rodriguez*, No. 23-cr-20334-RAR: 60-month sentence in case involving 1,230 kilograms of cocaine.

- *United States v. Segundo Pastor Lopez Villarreal*, No. 20-20101-cr-RNS: 60-month sentence imposed in case involving 1,018 kilograms of cocaine.

- *United States v. Luis Josue Leon Escobar, Lider Alexander Banquera, & Francisco Castillo Riascos*, No. 18-cr-20603-CMA: in case involving 2,263 kilograms of cocaine, the two crew members received 47-month and 52-month sentences, while the master received a 61-month sentence.

- *United States v. Jeison Albeiro, Renteria-Cuero, & Faustino Cuero-Minota*, No. 18-20124-cr-MGC: defendants responsible for 1,140 kilograms of cocaine in low-profile vessel received 62-month, 65-month, and 72-month sentences respectively.

- *United States v. Jose Maria Velez Monsalve*, No. 18-20817-cr-KMW: 51-month sentence imposed where defendant was held accountable for 746 kilograms of cocaine.

- *United States v. Jose Carlos Ramirez Lopez & Ivan Castaneda Ramirez*, No. 18-cr-220574-UU: defendants received 72-month sentence in case involving 1,149 kilograms of cocaine.

- *United States v. Lenin Dario Iler Reyes*, No. 17-20568-CR-FAM: 74-month sentence imposed in case involving 759 kilograms of cocaine.

Here, Mr. Madrigal, along with his codefendant, served as a crewmember on a two-person boat with approximately 400 kilograms of cocaine. When the Coast Guard arrived, Mr. Madrigal and his codefendant were compliant—they never gave chase, and the Coast Guard did not resort to firing warning or disabling fire. From the very beginning, has Mr. Madrigal accepted responsibility. He appreciates the wrongfulness of his actions, and humbly requests that the Court consider the above information in fashioning a sentence that is sufficient but no greater than necessary.

Respectfully Submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Kate Taylor*_____
Kate Taylor
Assistant Federal Public Defender
Special Bar No. A5502484
150 West Flagler Street, Suite 1700
Miami, Florida 33130
Tel: 305-530-7000
Email: kate_taylor@fd.org

4

5

## CERTIFICATE OF SERVICE

I HEREBY certify that on **May 4, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Kate Taylor*
Kate Taylor